## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

TERRENCE WILLIAMS   :
1008 Beards Hill Rd   :
Aberdeen, MD 21001   :
  :
   Plaintiff,   :
  :
v.   :
  :
AMAZON.COM SERVICES LLC   :
410 Terry Avenue North   :
Seattle, Washington 98109   :
  :
Serve On: **CSC - Lawyers**   :
**Incorporating Service Company**   :
7 St. Paul Street, Suite 820   :
Baltimore, MD 21202   :
  :
And   :
  :
**WEIS MARKETS, INC.**   :   Civil Action No.   ABA 26 CV 00881
1000 South Second St.   :
Sunbury, PA, 17801   :
  :
Serve On: **The Corporation Trust, Inc.**   :
2405 York Rd   :
Ste. 201   :
Lutherville-Timonium, MD 21093   :
  :
   Defendants.   :

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

MAR 2 2026

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## COMPLAINT

## I. INTRODUCTION

Plaintiff Terrence Williams brings this action against Defendants Weis Markets, Inc. ("Weis") and Amazon.com Services LLC ("Amazon") for violations of 42 U.S.C. § 1981, the Maryland Consumer Protection Act, and state common law arising from Defendants' racial discrimination, false advertising, breach of contract, and fraudulent business practices. This case involves two distinct but interrelated wrongs: (1) a consumer transaction in which Plaintiff purchased what was advertised as three 12-packs

1

of Calypso Lemonade but received only three individual bottles, representing a failure to deliver 91.7% of the purchased goods; and (2) when Plaintiff sought to resolve this discrepancy, a Weis Markets corporate employee subjected him to a racial slur, stating "Who the f*ck *does this n*gger* think he is?" before hanging up on him. Both Defendants refused to remedy the situation, with each blaming the other while denying responsibility for their joint marketplace platform. This complaint seeks compensatory damages, treble damages under Maryland law, punitive damages, and injunctive relief. True and correct copies of referenced exhibits are attached hereto.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2. Plaintiff brings claims under 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of contracts.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy and arise from a common nucleus of operative fact.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including the delivery of goods to Plaintiff's residence in Aberdeen, Maryland, and the discriminatory telephone call received by Plaintiff in Maryland.

5. This Court has personal jurisdiction over Defendants because they transacted business in Maryland, entered into contracts with Maryland residents, and the claims arise from those activities.

## III. PARTIES

6. Plaintiff Terrence Williams is a resident of Aberdeen, Maryland.

2

7. Defendant Weis Markets, Inc. is a Pennsylvania corporation with its principal place of business at 1000 S. 2nd Street, Sunbury, Pennsylvania 17801. Weis operates a chain of grocery stores and maintains an online marketplace presence through Amazon's platform, including a storefront that sells and delivers grocery items in Maryland.

8. Defendant Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington. Amazon operates an online marketplace platform and provides fulfillment, delivery, and payment processing services for third-party sellers including Weis Markets.

9. At all times relevant to this Complaint, Defendants acted through their agents, employees, and representatives within the scope of their employment and with the actual or apparent authority of Defendants.

## IV. FACTUAL ALLEGATIONS

### A. The Transaction and False Advertising

1. On or about February 3, 2026, Plaintiff accessed Amazon's website to purchase groceries.

2. While browsing Amazon's website, Plaintiff discovered a product listing on Weis Markets' Amazon storefront for "Calypso Lemonade, Paradise Punch Lemonade, Made with Real Fruit, 16 Fl Oz Glass Bottles (Pack of 12)." **(See Exhibit 1: Screenshot – Amazon Listing for Calypso Lemonade.)**

3. The product listing clearly and unambiguously stated "Pack of 12," representing to consumers that the product being sold was a twelve-pack containing twelve individual bottles. **(See Exhibit 1.)**

4. Believing the product to be discontinued or difficult to find, Plaintiff decided to purchase three units of the listed product, expecting to receive thirty-six (36) total bottles (3 packs × 12 bottles per pack = 36 bottles). **(See Exhibit 2: Amazon Order Confirmation.)**

3

5. To avoid delivery charges, Plaintiff also purchased additional grocery items from Weis Markets through Amazon.

6. Plaintiff paid a total of $31.27 for the order, including a $5.00 tip to the delivery driver. **(See Exhibit 2.)**

7. The product listing, pricing, and transaction were controlled and facilitated through Amazon's platform, with Amazon processing the payment and coordinating delivery.

8. Amazon Order Number: 114-9501252-2026621. **(See Exhibit 2.)**

## B. Non-Delivery of Goods as Advertised

1. On or about February 4, 2026, at approximately 11:45 a.m., a delivery driver delivered Plaintiff's order to his residence in Aberdeen, Maryland.

2. Upon inspecting the delivered items, Plaintiff discovered he had received only three (3) individual bottles of Calypso Lemonade—not the three 12-packs (36 bottles) he had ordered and paid for. **(See Exhibit 3: Photo – Delivered Calypso Lemonade Bottles.)**

3. Plaintiff was therefore short thirty-three (33) bottles of Calypso Lemonade, representing 91.7% of the purchased product quantity.

4. Plaintiff has photographic evidence of the three bottles received and screenshots of the original Amazon listing showing the product advertised as "Pack of 12." **(See Exhibits 1 and 3.)**

## C. Initial Attempts to Resolve the Dispute

1. On February 4, 2026, Plaintiff contacted the Weis Markets store located at 943 Pulaski Highway, Havre de Grace, Maryland 21078, to report the discrepancy and seek resolution. Plaintiff called the store at 12:01 p.m. and again at 1:06 p.m. **(See Exhibit 4: Communications with Weis and Amazon – to be supplemented with phone records when available.)**

4

2.  Plaintiff spoke with both a store agent and a store manager, explaining that he had ordered three 12-packs but received only three individual bottles.

3.  The Weis Markets representatives informed Plaintiff that: (a) the store does not sell 12-packs of Calypso Lemonade; (b) Weis would not compensate Plaintiff for the missing bottles; and (c) Plaintiff needed to contact Amazon because "the order went through them."

4.  Plaintiff explained to Weis Markets that the product listing was on Weis Markets' Amazon storefront and that Weis Markets should be responsible for accurate product listings on its own online store. The Weis representatives refused to assist.

5.  On February 4, 2026, at approximately 12:13 p.m., Plaintiff contacted Amazon's grocery department and demanded a full refund for the order given the significant discrepancy between the advertised and delivered product. **(See Exhibit 4 – to be supplemented with phone records when available.)**

6.  The Amazon representative refused to issue a refund, directing Plaintiff back to Weis Markets.

7.  Both Defendants deflected responsibility while refusing to remedy the situation, leaving Plaintiff without recourse despite having paid for goods he did not receive.

## D. Racial Discrimination by Weis Markets Corporate

1.  Following the refusal of assistance from both the local Weis store and Amazon, Plaintiff contacted Weis Markets' corporate office at 1000 S. 2nd Street, Sunbury, Pennsylvania 17801.

2.  Plaintiff called Weis Markets' corporate office on February 4, 2026 at 12:21 p.m. and 12:35 p.m., and on February 5, 2026 at 10:44 a.m. and 10:49 a.m. **(See Exhibit 4 – to be supplemented with phone records when available.)**

5

3. Plaintiff spoke with a female corporate representative, believed to be a manager or supervisor at the corporate office, regarding the product listing discrepancy and the local store's refusal to assist.

4. The Weis corporate representative was rude and dismissive, telling Plaintiff that Weis Markets was not responsible for the product listing and would not compensate him or provide the missing thirty-three (33) bottles.

5. Plaintiff attempted to explain that Weis Markets' refusal to honor its own product listing violated Maryland consumer protection law and that he would pursue legal action if the matter was not resolved.

6. The Weis corporate representative denied that Weis was violating any law and refused to provide further assistance.

7. Plaintiff called Weis corporate again and spoke with the same representative, demanding to speak with her supervisor or manager.

8. The representative stated that no supervisor or manager was available and refused to provide further assistance.

9. Plaintiff contacted Weis corporate office multiple additional times in an attempt to resolve the matter.

10. On February 5, 2026, at approximately 10:49 a.m., during a call with Weis Markets' corporate office, Plaintiff again spoke with the same female corporate representative regarding the unresolved dispute. **(See Exhibit 5: Transcript/Recording – Weis Markets Call, to be produced in discovery if available.)**

11. The representative became hostile and began to terminate the call.

12. As the representative was hanging up the telephone, but before the call disconnected, Plaintiff clearly heard the representative state: "Who the f*ck *does this n*gger* think he is?" **(See Exhibit 5, to be produced in discovery if available.)**

13. The call then disconnected.

14. The representative's use of the racial slur "n*gger" was intentional, directed at Plaintiff because of his race, and occurred in the context of Weis Markets' refusal to honor its contractual obligations to Plaintiff.

15. Plaintiff is African American.

16. The representative's conduct was undertaken in the course and scope of her employment with Weis Markets and while acting as an agent of Weis Markets.

17. Plaintiff did not call Weis Markets again because he reasonably believed that further attempts to resolve the matter would be futile and would subject him to additional discriminatory treatment.

### E. Call Recording Preservation

1. Upon information and belief, Weis Markets records all telephone calls to its corporate customer service department for quality assurance and training purposes.

2. The February 5, 2026 call during which the racial slur was uttered was recorded by Weis Markets and constitutes direct evidence of the racial discrimination alleged in this Complaint. **(See Exhibit 5, to be produced in discovery if available.)**

3. Plaintiff intends to demand that Weis Markets preserve all call recordings between Plaintiff and Weis Markets corporate office from February 4, 2026 through February 5, 2026.

### F. Damages and Harm

1. Plaintiff suffered actual economic damages in the form of payment for goods not received (33 bottles of Calypso Lemonade valued at approximately $6.90), consequential damages from purchasing additional items to avoid delivery charges, and the $5.00 delivery tip.

2.  Plaintiff suffered severe emotional distress, humiliation, and psychological harm as a direct and proximate result of being subjected to a racial slur by a Weis Markets corporate employee during a consumer transaction.

3.  The discriminatory conduct occurred in the context of Weis Markets' refusal to honor its contractual obligations, compounding the harm and demonstrating that Plaintiff's race was a factor in Weis Markets' treatment of his legitimate consumer complaint.

4.  Plaintiff has expended substantial time and effort attempting to resolve this matter, including multiple telephone calls to both Defendants and the preparation of this Complaint.

5.  Defendants' conduct was willful, wanton, malicious, and demonstrated reckless disregard for Plaintiff's rights, justifying an award of punitive damages.

## V. CAUSES OF ACTION

## COUNT I

**Violation of 42 U.S.C. § 1981 – Racial Discrimination**
(Against Weis Markets, Inc.)

54. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

55. 42 U.S.C. § 1981 provides that all persons within the jurisdiction of the United States shall have the same right to make and enforce contracts as is enjoyed by white citizens.

56. Section 1981's protections extend to the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

57. Plaintiff's purchase of goods from Weis Markets through Amazon's platform constituted a contract between Plaintiff and Weis Markets.

58. Weis Markets, through its corporate employee, subjected Plaintiff to racial discrimination by directing a racial slur at Plaintiff in the context of his attempts to enforce the contract and obtain the goods he had purchased.

59. The Weis Markets employee's statement—"Who the fuck does this nigger think he is?"—was motivated by Plaintiff's race and occurred in direct connection with Plaintiff's exercise of his contractual rights.

60. Weis Markets' discriminatory conduct interfered with Plaintiff's ability to enforce the contract and enjoy the benefits of the contractual relationship on equal terms with white citizens.

61. Weis Markets' conduct was intentional and violated Plaintiff's rights under § 1981.

62. As a direct and proximate result of Weis Markets' violation of § 1981, Plaintiff suffered compensable damages including emotional distress, humiliation, mental anguish, and economic losses.

63. Weis Markets' conduct was willful, wanton, and malicious, justifying an award of punitive damages.

## COUNT II

### Violation of Maryland Consumer Protection Act

### Maryland Commercial Law § 13-301 et seq.
(Against Both Defendants)

64. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

65. The Maryland Consumer Protection Act ("MCPA") prohibits unfair or deceptive trade practices in the conduct of any trade or commerce.

66. Defendants engaged in trade or commerce by offering goods for sale to Maryland consumers through Amazon's online marketplace platform.

67. Defendants engaged in unfair or deceptive trade practices by advertising a product as "Pack of 12" when in fact: (a) the product was not available as a 12-pack; (b) Defendants

had no intention of delivering 12-packs; and/or (c) Defendants knew or should have known that the listing was false and misleading.

68. The product listing created and maintained by Defendants constituted a false or misleading representation concerning the quantity of goods available for purchase.

69. Weis Markets admitted through its representatives that it "does not sell 12-packs" of Calypso Lemonade, yet the product was advertised as "Pack of 12" on Weis Markets' Amazon storefront.

70. Plaintiff relied on Defendants' representations in making his purchase decision and suffered actual damages as a result.

71. Defendants' conduct was knowing and willful, as evidenced by: (a) Weis Markets' admission that it does not sell the product as advertised; (b) both Defendants' refusal to remedy the situation when confronted; and (c) the systematic deflection of responsibility between the two Defendants.

72. Pursuant to Maryland Commercial Law § 13-408, Plaintiff is entitled to actual damages.

73. Pursuant to Maryland Commercial Law § 13-410, because Defendants' violations were willful and knowing, Plaintiff is entitled to treble damages.

74. Pursuant to Maryland Commercial Law § 13-408, Plaintiff is entitled to reasonable attorney's fees and costs.

## COUNT III

### Breach of Contract
(Against Both Defendants)

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76. Plaintiff entered into a contract with Defendants for the purchase of three "Pack of 12" units of Calypso Lemonade, among other items, for the total price of $31.27.

77. The essential terms of the contract—including product description, quantity, and price—were set forth in the product listing and confirmed in the order placed through Amazon's platform.

78. Plaintiff performed all obligations under the contract by providing payment in full.

79. Defendants materially breached the contract by delivering only three individual bottles instead of the three 12-packs (36 bottles) contracted for, representing a 91.7% shortfall in delivered goods.

80. Defendants' breach was substantial and material, going to the essence of the contract.

81. As a direct and proximate result of Defendants' breach, Plaintiff suffered damages including the value of undelivered goods, wasted expenditures on related items, and other consequential damages.

## COUNT IV

### Intentional Infliction of Emotional Distress
(Against Weis Markets, Inc.)

82. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

83. Weis Markets, through its corporate employee, engaged in extreme and outrageous conduct by directing a racial slur at Plaintiff during a customer service interaction.

84. The use of the racial epithet "nigger" by a corporate representative toward a customer exceeds all bounds of decency tolerated in a civilized society and is utterly intolerable in a business context.

85. Weis Markets' conduct was intentional and reckless, undertaken with knowledge that severe emotional distress was substantially certain to result.

86. As a direct and proximate result of Weis Markets' extreme and outrageous conduct, Plaintiff suffered severe emotional distress, humiliation, mental anguish, and psychological harm.

87. The severity of Plaintiff's emotional distress is evidenced by the shocking nature of the conduct and the reasonable person standard—no reasonable person could be expected to endure such treatment without suffering severe emotional harm.

## COUNT V

### Fraud and Fraudulent Misrepresentation
(Against Both Defendants)

88. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

89. Defendants made false representations of material fact by advertising the Calypso Lemonade product as "Pack of 12" when Defendants knew or should have known that the product was not available in that quantity.

90. Weis Markets' admission that it "does not sell 12-packs" of this product demonstrates that Defendants knew the representation was false at the time it was made.

91. Defendants made the false representation with knowledge of its falsity or with reckless disregard for its truth.

92. Defendants made the false representation with the intent that Plaintiff and other consumers would rely on it in making purchase decisions.

93. Plaintiff justifiably relied on Defendants' representation in deciding to purchase three units of the product.

94. As a direct and proximate result of Plaintiff's reliance on Defendants' fraudulent misrepresentation, Plaintiff suffered damages.

95. Defendants' fraudulent conduct was willful and malicious, justifying an award of punitive damages.

## COUNT VI

### Unjust Enrichment
(Against Both Defendants)

96. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

97. Plaintiff conferred a benefit on Defendants by making payment for goods that were not delivered.

98. Defendants have knowledge and appreciation of the benefit conferred.

99. Defendants' retention of payment for goods not delivered is unjust under the circumstances.

100. It would be inequitable and unconscionable to allow Defendants to retain the benefit of Plaintiff's payment without providing the contracted-for goods.

101. Defendants have been unjustly enriched at Plaintiff's expense.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terrence Williams respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Awarding compensatory damages in an amount to be determined at trial, including but not limited to:

- i. Actual damages for goods not received;
- ii. Consequential damages including wasted expenditures and delivery costs;
- iii. Damages for emotional distress, humiliation, and mental anguish;

B. Awarding treble damages pursuant to Maryland Commercial Law § 13-410 based on Defendants' willful and knowing violations of the Maryland Consumer Protection Act;

C. Awarding punitive damages against Weis Markets, Inc. in an amount sufficient to punish its egregious racial discrimination and deter future similar conduct;

D. Awarding punitive damages against both Defendants for their fraudulent and deceptive business practices;

13

E. Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Maryland Commercial Law § 13-408;

F. Granting injunctive relief requiring Defendants to:

- i. Preserve all telephone call recordings between Plaintiff and Weis Markets from February 4, 2026 through February 6, 2026;
- ii. Correct false and misleading product listings on their platforms;
- iii. Implement policies and training to prevent racial discrimination in customer service;

G. Awarding pre-judgment and post-judgment interest at the legal rate;

H. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: February 25, 2026                    Respectfully submitted,

Terrence Williams
1008 Beards Hill Rd
Aberdeen, MD 21001
Phone: (443) 206-5062
Email:
livinmalife1983@yahoo.com
*Plaintiff, Pro Se*

14